IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MIDVALE INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-294 |
| | ) | |
| vs. | ) | |
| | ) | |
| HONG AN INC., JULIE T. MAI, | ) | COMPLAINT FOR DECLARATORY |
| HONG I. LE, AND GIANG T. LE, | ) | JUDGMENT |
| | ) | |
| Defendants. | ) | |

Plaintiff Midvale Indemnity Company ("Midvale"), by and through the undersigned attorneys, as its Complaint for Declaratory Judgment against Defendants Hong An Inc., Julie T. Mai, Hong I. Le, and Giang T. Le, states as follows:

## INTRODUCTION

1. This action for declaratory judgment pursuant to 28 U.S.C. § 2201 addresses whether insurance coverage exists under Defendant Hong An Inc.'s Policy No. BPP1066137 with American Family Insurance, underwritten by Midvale Indemnity Company, in relation to Cindy Vorasane's June 4, 2020 Petition in Iowa District Court against the Defendants in Iowa District Court for Polk County case No. LACL148005.

## PARTIES

2. Plaintiff Midvale Indemnity Company is a Wisconsin insurance company with its principal place of business in Wisconsin.

3. Defendant Hong An Inc. ("Hong An") is an Iowa corporation with its principal place of business in Polk County, Iowa.

4. Defendant Julie T. Mai is a resident of Polk County, Iowa, and a co-owner of Hong An.

5. Defendant Hong I. Le is a resident of Polk County, Iowa, and a co-owner of Hong An.

6. Defendant Giang T. Le is a resident of Polk County, Iowa, and performed services as a nail technician for Hong An.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs due to the coverage limits of the Policy in question and the nature of Vorasane's underlying Petition in Iowa District Court.

8. This Court has authority to grant Midvale declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and a substantial part of the events or omissions giving rise to this declaratory judgment action occurred in this district.

## BACKGROUND

*Underlying Demand and Claim by Cindy Vorasane*

10. Cindy Vorasane performed services as a nail technician for Hong An from approximately May 2017 until July 2018.

11. Vorasane has alleged that Defendant Giang Le made unwanted comments and touched her without her consent during the time she served as a nail technician until July 20, 2018 (the "Allegations").

2

12. On or around August 22, 2018, Vorasane, through counsel, sent a letter to Hong An outlining the Allegations and made a demand on Hong An, Julie Mai, and Hong Le.

13. By September 4, 2018, Defendants Hong An, Julie Mai and Hong Le had received the demand from Vorasane regarding the Allegations.

14. On September 10, 2018, Defendants Hong An, Julie Mai and Hong Le responded to Vorasane's demand.

15. In October 2018, Vorasane filed a claim with the Iowa Civil Rights Commission regarding the Allegations.

### *Changes to Insurance Coverage*

16. Hong An maintains insurance coverage through Business Owner's Policy No. BPP1066137 with American Family Insurance, which is underwritten by Midvale.

17. The Business Liability coverage of the Policy excludes coverage for bodily injury arising out of any "[e]mployment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person[.]" Employment-Related Practices Exclusion.

18. On or around December 17, 2019, Hong An Inc. elected to change to the Policy by adding an Employment Related Practices Liability Endorsement.

19. Effective on January 9, 2020, the Employment Related Practices Liability Endorsement provides certain additional coverage specified therein "only if," among other limitations:

> A "claim" against any insured for damages because of the "wrongful act" is <u>first</u> made during the policy period . . . .

Employment Related Practices Liability Endorsement, §A(1)(b)(3) (emphasis added).

20. Additionally, the Employment Related Practices Liability Endorsement excludes coverage, in pertinent part, to claims or suits prior to the initiation of Employment Related Practices Liability Endorsement coverage:

> **Prior Or Pending Litigation**
>
> Any "claim" or "suit" against any insured which was pending on, or existed prior to, the applicable Pending Or Prior Litigation Date shown in the Schedule, or any "claim" or "suit" arising out of the same or substantially the same facts, circumstances or allegations which are the subject of, or the basis for, such "claim" or "suit".

Employment Related Practices Liability Endorsement, §(B)(e).

21. The applicable "Pending Or Prior Litigation Date" incorporated by reference in the Schedule is the Employment Related Practices Liability Endorsement effective date—January 9, 2020.

22. The Employment Related Practices Liability Endorsement defines a "claim" as follows:

> "Claim" means a "suit" or demand made by or for a current, former or prospective "employee" for damages because of an alleged "wrongful act".

Employment Related Practices Liability Endorsement, §G(1) (emphasis added).

*Vorasane's Petition in Iowa District Court*

23. On June 4, 2020, Vorasane filed a Petition in Iowa District Court against Defendants in Iowa District Court for Polk County case No. LACL148005 asserting the same

facts, circumstances, and allegations which were the basis for the Allegations in her (a) August 22, 2018 demand and (b) her October 2018 claim to the Iowa Civil Rights Commission.

## COUNT I
## DECLARATORY JUDGMENT

24. Midvale incorporates all of the foregoing paragraphs as if set forth fully herein.

25. On July 7, 2020, Defendant Hong An Inc. sought coverage in relation to Vorasane's claim.

26. No insurance coverage exists for any of the Defendants under Hong An Inc.'s Policy No. BPP1066137 in relation to Vorasane's claim under the Business Liability portion of the Policy because Vorasane's claim arises under the Employment-Related Practices Exclusion.

27. No insurance coverage exists for any of the Defendants under Hong An Inc.'s Policy No. BPP1066137 in relation to Vorasane's claim under the Employment Related Practices Liability Endorsement, made effective on January 9, 2020, because Vorasane first made her claim prior to the policy period (through either the Demand or the Iowa Civil Rights Commission claim).

28. Due to Hong An's request for coverage, there is a real and actual controversy between the parties as to whether insurance coverage exists under the Policy.

29. Midvale seeks a declaratory judgment to resolve and bring finality to the present dispute whether insurance coverage exists under the Policy and requests Judgment confirming that no insurance coverage exists for any of the Defendants under Hong An Inc.'s Policy No. BPP1066137 in relation to Iowa District Court for Polk County case No. LACL148005.

WHEREFORE Midvale respectfully requests that this Court enter judgment declaring the rights and obligations of the parties in relation to Defendant Hong An Inc.'s Policy No. BPP1066137, underwritten by Midvale, confirming no insurance coverage exists for any of the Defendants in relation to Iowa District Court for Polk County case No. LACL148005, and granting all other additional relief that is just and equitable.

Dated: September 25, 2020                SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser, AT0008101
Nicholas Petersen, AT0012570
115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: kvisser@spmblaw.com
           npetersen@spmblaw.com

ATTORNEYS FOR MIDVALE INDEMNITY COMPANY